# EXHIBIT C

**JOINT DECLARATION OF JAY SMITH AND MICHAEL ILCZYSZYN
IN SUPPORT OF THE MOTION OF THE TRUSTEES OF THE TEAMSTERS UNION
NO. 142 PENSION FUND AND CITY OF CAPE CORAL MUNICIPAL GENERAL
EMPLOYEES' RETIREMENT PLAN**

We, Jay Smith and Michael Ilczyszyn, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the Trustees of the Teamsters Union No. 142 Pension Fund ("Teamsters 142") and City of Cape Coral Municipal General Employees' Retirement Plan ("Cape Coral")'s motion for appointment as Lead Plaintiff in the securities class action litigation against Intercept Pharmaceuticals, Inc. (the "Company" or "Intercept") and certain of the Company's executive officers. We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the Intercept litigation. We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution with which we are associated.

2.      I, Jay Smith, am the Fund Manager of the Teamsters Union No. 142 Pension Fund, and am authorized to make this declaration on behalf of Teamsters 142. Based in Gary, Indiana, Teamsters Union No. 142 Pension Fund is a jointly trusteed Taft-Hartley benefit fund that provides pension and other benefits for laborers employed in the manufacturing industry and other fields throughout the state. Teamsters Union No. 142 Pension Fund manages approximately $525 million in assets, as of November 2020, for the benefit of thousands of active and retired participants. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Teamsters Union No. 142 Pension Fund incurred substantial losses on its investments in Intercept securities. Teamsters Union No. 142 Pension Fund is a sophisticated institutional investor that

1

understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

3.    I, Michael Ilczyszyn, am Chairman of the Board of Trustees of Cape Coral, and am authorized to make this Joint Declaration on its behalf. Cape Coral is a public pension fund that provides pension and other benefits for municipal employees of the city of Cape Coral, Florida. Cape Coral is responsible for the retirement income of these employees and their beneficiaries. Cape Coral manages more than $300 million in assets, as of November 2020, for the benefit of thousands of active and retired participants. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Cape Coral incurred substantial losses on its investments in Intercept securities.   Cape Coral is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.    Teamsters 142 and Cape Coral are strongly motivated to recover the significant losses that Teamsters Union No. 142 Pension Fund, Cape Coral, and the class suffered as a result of defendants' violations of the federal securities laws. Teamsters 142 and Cape Coral's principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties. We believe that the prosecution of this fraud should be entrusted to institutional investors that have a significant financial interest in the claims against defendants and are committed to ensuring the litigation is prosecuted as zealously and efficiently as possible, in accordance with their duties under the PSLRA.

5.    Accordingly, Teamsters 142 and Cape Coral reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with each other and with our counsel regarding litigation strategy and other matters, attending

2

court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Teamsters 142 and Cape Coral will ensure that the Intercept securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

6.     Teamsters 142 and Cape Coral each determined that they could maximize the class's recovery by pooling their respective resources and experience and jointly seeking appointment as Lead Plaintiff. After reviewing the allegations pleaded in the operative complaint and consulting with their counsel, Teamsters 142 and Cape Coral each independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

7.     In exploring their potential leadership of this case, Teamsters 142 and Cape Coral expressed an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment. We each believe that our partnership would allow for their sharing of experiences and resources and would add substantial value to the prosecution of the Intercept litigation and benefit the class.

8.     As part of an effort to formalize our leadership over this litigation, and to begin implementing our strategy for prosecuting this litigation as Lead Plaintiff, Teamsters 142 and Cape Coral's representatives participated in a conference call in which we discussed our respective funds' losses arising from defendants' misconduct, the claims against the various defendants, and the procedures and protocols we would follow in jointly prosecuting the case. During this call, Teamsters 142 and Cape Coral also discussed: our desire to maximize the recovery for the class; our interests in prosecuting the case in a collaborative fashion; the measures we would employ to

ensure that our respective representatives could discuss the prosecution of this matter either with or without counsel; and ensuring that investors' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"). We intend to make all decisions jointly, taking into consideration Kessler Topaz's advice.

9.      We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner.

10.     In addition to discussing our goals for the litigation, Teamsters 142 and Cape Coral recognized the importance of selecting a qualified law firm to prosecute the litigation in a cost-effective manner. We believe our proposed Lead Counsel, Kessler Topaz, fulfills this objective. Through our oversight of our proposed Lead Counsel, we are confident that Kessler Topaz will prosecute this litigation in a zealous and efficient manner.

[REMAINDER INTENTIONALLY BLANK]

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Teamsters 142 are true and correct to the best of my knowledge.

Executed this 30 day of December 2020.

Jay Smith
*Fund Manager*
Teamsters Union No. 142 Pension Fund

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Cape Coral are true and correct to the best of my knowledge.

Executed this ~~4th~~ day of ~~December 2020.~~ January, 2021

Michael Kozyszyn
*Chairman of the Board of Trustees*
City of Cape Coral Municipal General Employees' Retirement Plan