**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAKESH CHAUHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>INTERCEPT PHARMACEUTICALS, INC., MARK PRUZANSKI, and SANDIP S. KAPADIA,<br><br>        Defendants. | Case No.: 1:21-cv-00036-LJL<br><br>Hon. Lewis J. Liman |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL SAPAN AND
RONY AWAIDA'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS
AND APPROVAL OF SELECTION OF COUNSEL**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      FACTUAL BACKGROUND ........................................................................................... 2

II.     PROCEDURAL HISTORY ........................................................................................... 4

III.    ARGUMENT ................................................................................................................. 4

    A.      Appointing Movants as Co-Lead Plaintiffs Is Appropriate ............................... 4

        1.    Movants Filed a Timely Motion. .................................................................... 6

        2.    Movants Have the Largest Financial Interest in the Relief Sought. ........... 6

        3.    Movants Satisfy the Relevant Requirements of Rule 23. ............................. 7

            a.    Movants' Claims Are Typical. ................................................................ 8

            b.    Movants Are Adequate Representatives. ............................................... 8

    B.      Approving Lead Plaintiffs' Choice of Counsel Is Appropriate. ....................... 9

IV.    CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Batter v. Hecla Mining Co.,*
  No. 19-cv-4883 (ALC), 2020 U.S. Dist. LEXIS 51665 (S.D.N.Y. Mar. 25, 2020) ................. 6

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................ 5, 7

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001) ...................................................................................................... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................... 8

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) .............. 7

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) .............................................................................................. 7

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) .................. 8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... passim

**Rules**

FED. R. CIV. P. 23 ............................................................................................................ 1, 5, 7, 8

Paul Sapan and Rony Awaida ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") in the above-captioned action (the "Action") to appoint them as co-lead plaintiffs, and approve their selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons who purchased or otherwise acquired Intercept Pharmaceuticals, Inc. ("Intercept" or the "Company") securities from September 28, 2019 through October 7, 2020, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Intercept, Mark Pruzanski ("Pruzanski"), and Sandip S. Kapadia ("Kapadia") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Scott+Scott and Levi & Korsinsky as Co-Lead Counsel should be approved because the firms

1

have substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Intercept is a biopharmaceutical company that focuses on the development and commercialization of therapeutics to treat progressive non-viral liver diseases in the U.S. ¶ 2. The Company is incorporated in Delaware, and its principal executive offices are located in New York, NY. ¶ 20. Intercept's stock trades on the NASDAQ under ticker symbol "ICPT". *Id.*

Intercept's lead product candidate is Ocaliva (obeticholic acid ("OCA")), a farnesoid X receptor agonist used for the treatment of primary biliary cholangitis ("PBC"), a rare and chronic liver disease, in combination with ursodeoxycholic acid in adults. ¶ 3. The Company is also developing OCA for various other indications, including nonalcoholic steatohepatitis ("NASH"). *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. ¶ 7. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants downplayed the true scope and severity of safety concerns associated with Ocaliva's use in treating PBC; (ii) the foregoing increased the likelihood of an FDA investigation into Ocaliva's development, thereby jeopardizing Ocaliva's continued marketability and the sustainability of its sales; (iii) any purported benefits associated with OCA's efficacy in treating NASH were outweighed by the risks of its use; (iv) as a result, the FDA was unlikely to approve the Company's

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the action styled *Chauhan v. Intercept Pharmaceuticals, Inc., et al.,* Case No. 1:21-cv-00036 (the "Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

NDA for OCA in treating patients with liver fibrosis due to NASH; and (v) as a result of all the foregoing, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On May 22, 2020, Intercept reported that the FDA "has notified Intercept that its tentatively scheduled June 9, 2020 advisory committee meeting (AdCom) relating to the company's [NDA] for [OCA] for the treatment of liver fibrosis due to [NASH] has been postponed" to "accommodate the review of additional data requested by the FDA that the company intends to submit within the next week." ¶ 8.

On this news, Intercept's stock price dropped 12.19%, or $11.18 per share, to close on May 22, 2020 at $80.51 per share ¶ 9.

Intercept issued a press release on June 29, 2020 announcing that the FDA had issued a Complete Response Letter ("CRL") rejecting the Company's NDA for Ocaliva for the treatment of liver fibrosis due to NASH. ¶ 10. According to that press release, "[t]he CRL indicated that," the FDA "has determined that the predicted benefit of OCA based on a surrogate histopathologic endpoint remains uncertain and does not sufficiently outweigh the potential risks to support accelerated approval for the treatment of patients with liver fibrosis due to NASH." *Id.* In addition, the press release advised, that the "[t]he FDA recommends that Intercept submit additional post-interim analysis efficacy and safety data from the ongoing REGENERATE study in support of potential accelerated approval and that the long-term outcomes phase of the study should continue." *Id.*

On this news, Intercept's stock price dropped 39.73% per share, or $30.79 per share, to close on June 29, 2020 at $46.70 per share. ¶ 11.

Then, on October 8, 2020, news outlets reported that Intercept was "facing an investigation

3

from the [FDA] over the potential risk of liver injury in patients taking Ocaliva, [Intercept's] treatment for primary biliary cholangitis, a rare, chronic liver disease." ¶ 12.

In response to this news, Intercept's stock price dropped 8.05%, or $3.30 per share, to close on October 8, 2020 at $37.69 per share. ¶ 13.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movants and the other Class members have suffered significant losses and damages. ¶ 14.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Chauhan* Action against the Defendants. Plaintiff Rakesh Chauhan ("Chauhan") commenced the first-filed action on November 5, 2020 in the United States District Court for the Eastern District of New York. On that same day, counsel acting on Chauhan's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

On January 4, 2020, the Action was transferred to the United States District Court for the Southern District of New York.

## III.    ARGUMENT

### A.    Appointing Movants as Co-Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA

4

provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff─

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having collectively lost $1,088,875.87 as a result of their transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed as co-lead plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movants Filed a Timely Motion.

On November 5, 2020, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Chauhan published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Intercept securities that they had 60 days from the publication of the November 5, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *Batter v. Hecla Mining Co.,* No. 19-cv-4883 (ALC), 2020 U.S. Dist. LEXIS 51665, at *7-8 (S.D.N.Y. Mar. 25, 2020) (finding that a notice published on *PRNewswire* satisfied Rule 23). On the date lead plaintiff motions were due, January 4, 2021, this Action was transferred to this Court, after the parties filed a Joint Motion to Change Venue on December 29, 2020 (ECF No. 9).

Movants timely filed their motion within the 60-day period following publication of the November 5, 2020 Press Release and submit herewith sworn certifications attaching their transactions in Intercept securities and attesting that they are willing to serve as representatives of the Class. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movants Have the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate

plaintiff."

Movants acquired Intercept securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $1,088,875.87. *See* Hopkins, Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.**   **Movants Satisfy the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a. Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Intercept's business, operational and compliance policies violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Intercept securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants interests and claims are "typical" of the interests and claims of the Class.

### b. Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources

8

and expertise to efficiently prosecute the Action, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Action. *See* Hopkins Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupations, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as lead plaintiffs, their shared desire to obtain the best result for the Class, and the ways they will communicate and take other steps to supervise this litigation. *See* Hopkins Decl., Ex. D. Therefore, Movants have shown that they are cohesive and will prosecute the Action vigorously on behalf of the Class.

Accordingly, Movants meet the adequacy requirement of Rule 23.

### B.   Approving Lead Plaintiffs' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected and retained Scott+Scott and Levi & Korsinsky as the proposed Co-Lead Counsel for the Class. The members of Scott+Scott and Levi & Korsinsky, LLP have extensive experience in successfully prosecuting complex securities class actions such as the Action before the Court and are well-qualified to represent the Class. *See* Hopkins Decl., Exs. E and F (the firm résumés of Levi & Korsinsky and Scott+Scott). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

**IV.     CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Co-Lead Plaintiffs, (2) approving their selection of Scott+Scott and Levi & Korsinsky as Co-Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.


Dated: January 4, 2021                                  Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212/233-6444
Facsimile: 212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Lead Plaintiff Movants Paul Sapan & Rony Awaida and Proposed Co-Lead Counsel*

**THE SCHALL LAW FIRM**
Brian J. Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant*
*Paul Sapan*