# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAKESH CHAUHAN, Individually and
on Behalf of All Others Similarly
Situated,

          Plaintiff,

v.

INTERCEPT PHARMACEUTICALS,
INC., MARK PRUZANSKI, and
SANDIP S. KAPADIA,

          Defendants.

Case No.: 1:21-cv- 00036-LJL

Hon. Lewis J. Liman

**JOINT DECLARATION OF PAUL SAPAN AND RONY AWAIDA**
**IN SUPPORT OF THEIR MOTION FOR APPOINTMENT**
**AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1.      We, Paul Sapan ("Mr. Sapan") and Rony Awaida ("Dr. Awaida") (collectively, "Sapan & Awaida"), respectfully submit this Joint Declaration in support of our motion for appointment as co-lead plaintiffs and approval of co-lead counsel in the above-referenced securities class action (the "Action"), brought on behalf of all investors who purchased securities of Intercept Pharmaceuticals, Inc. ("Intercept") between September 28, 2019 and October 7, 2020, inclusive (the "Class" who purchased during the "Class Period").

2.      We are each informed of and understand the requirements and duties imposed us by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Each of us has personal knowledge about the information in this Joint Declaration relating to ourselves, and if called as witnesses, we each could testify competently thereto.

3.      I, Paul Sapan, as reflected in my Certification, purchased Intercept securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Action.  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I am a sophisticated investor with approximately 30 years of investing experience.  I previously moved to be a lead plaintiff of a securities class action as part of an investor group, in 2016, but filed a notice of non-opposition and was not appointed.  *See Ahrens v. CTI Biopharma Corp.*, No. 1:16-cv-1044-PAE (S.D.N.Y.) (Dkt. 32).  I also have additional experience with federal litigation because I have filed approximately 75 lawsuits against telemarketing companies for violations of the Telephone Consumer Protection Act of 1991, etc., including to successful resolution.  *See, e.g.*, *Sapan v. OneRoof Energy, Inc.*, No. 8:16-cv-01448 (C.D. Cal.).  I reside in Laguna Niguel, California, and work as a food chemist and Chief Executive Officer of my consulting company, Beta Food Consulting, Inc.  I hold a Bachelor's of Science

1

Degree from the University of California, Davis.  After due consideration, I decided to join in and seek appointment as co-lead plaintiff with Dr. Awaida.  In addition to the two firms we propose to be appointed co-lead counsel, I am also represented by The Schall Law Firm.

4.    I, Rony Awaida, as reflected in my Certification, purchased Intercept securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Action.  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I am a sophisticated investor with approximately 18 years of investing experience.  I currently reside in Warren, Ohio. I hold a Doctor of Medicine Degree from Lebanese University Faculty of Medical Sciences.  I am currently a physician partner at Avamar Gastroenterology, Inc ("Avamar") where my partner and I oversee approximately 50 employees. Avamar has a pathology laboratory specializing in histology slides for gastrointestinal procedures. Avamar also has a sister company, Avamar Center for Endoscopy, Inc., a surgery center, that I am a shareholder in. Further, I am co-founder and co-owner of Trans-ohio Anesthesia, LLC, a company that provides anesthesia services to surgery centers. I was appointed faculty member of the American Gastrointestinal Association several years ago and I have served as chief of the gastrointestinal division at Trumbull Memorial Hospital in Warren, Ohio for the last five years. Through my gastroenterology specialty, I am very familiar with Intercept's leading drug Ocaliva, the drug that is the subject of this litigation. After due consideration, I decided to join in and seek appointment as co-lead plaintiff with Mr. Sapan.

5.    We, Paul Sapan and Rony Awaida, believe that the allegations in the Action are meritorious and that the Class will benefit from having highly motivated investors with substantial financial interests at stake control the Action.  We believe that our combined efforts, knowledge, and diverse backgrounds will best serve the Class.  If appointed as co-lead plaintiffs, our primary

goal will be to ensure that the Class achieves the largest possible recovery.  We also believe that we can collectively manage the Action in an effective manner.  We feel the combined knowledge and presence of both group members will benefit the Class.

6.      We decided to retain Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Levi Korsinsky, LLP ("Levi Korsinsky") as our counsel after reviewing the complaints, discussing the merits of the allegations, and expressing our interest in recovering the losses we suffered.  We also understand that our efforts as co-lead plaintiffs, if successful, would benefit the remainder of the Class who suffered in the same way we did.  During these discussions, we expressed a willingness to work with other like-minded investors who suffered significant losses.

7.      Upon learning of each other's interest in seeking appointment as a co-lead plaintiff in this matter through our counsel, we communicated with one another and counsel via conference call on January 4, 2021, and via e-mail, where we discussed among other things: the allegations and the strength of the claims against Defendants; a strategy for prosecuting the Action; the role of the lead plaintiff and lead counsel selection and litigation process; the benefits that the Class would receive from the leadership of a group of like-minded investors; a shared desire to achieve the best possible result for the Class; our interests in prosecuting the Action in a collaborative likeminded manner, including resolving any disputes; and the actions that we will take to continue to ensure that the claims will be zealously and efficiently litigated.

8.      As a result, we decided to coordinate our efforts to seek co-lead plaintiff appointment together.  In connection with this decision, we recognized that we retained highly qualified counsel to serve as co-lead counsel for the Class.  We are committed to maximizing recovery for the Class and will ensure that counsel will work expeditiously and effectively to bring about a fair resolution to the allegations in the Action.

9.    We discussed the importance of selecting qualified counsel to represent the interests of the Class and to do so efficiently.  With respect to our selected counsel, we believe that the Class will benefit from having two law firms experienced in successfully litigating securities class actions.  We are aware of and have been advised of the experience, resources, and successes of proposed co-lead counsel, Scott+Scott and Levi Korsinsky, and are aware that both are accomplished law firms with histories of achieving significant settlements and corporate governance reforms in similar actions, and we are aware that these firms have worked together in the past.  We negotiated with both firms to a cap of less than the standard 33 1/3% in attorney's fees of any class action settlement in this Action.  Through our oversight, we will ensure that Scott+Scott and Levi Korsinsky prosecute the Action in a zealous and efficient manner.

10.    We, Paul Sapan and Rony Awaida, understand that the PSLRA and courts in this District permit groups to serve as lead plaintiff when the group can function cohesively and demonstrate that it will actively monitor the Action to represent the interests of the Class.  We intend to prosecute the Action against the Defendants in such an independent manner by, among other ways, staying informed about the Action and overseeing our counsel.  We agree that our collective resources and ability to deliberate and engage in joint decision-making will materially benefit and advance the interests of the Class in the Action.  We have each other's contact information so we can confer with or without counsel.

11.    We are highly motivated to recover our substantial losses and intend to share our perspectives, experiences, and resources to direct the Action.  To this end, we discussed the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that we will be able to make timely decisions.  We have agreed that we will exercise joint decision-making

4

and will jointly communicate with proposed co-lead counsel regarding the progress and prosecution of the Action on a regular basis, as well as when important decisions need to be made. To that end, we have agreed that proposed co-lead counsel will provide us with periodic status reports and hold regular joint calls to discuss: (i) new developments in the Action; (ii) all significant decisions concerning the prosecution of the Action; (iii) litigation and settlement strategies; (iv) significant pleadings and briefs; (v) important discovery issues; (vi) attorney and expert work being performed; and (vii) any other issues bearing on the effective and efficient prosecution of the Action. Further, we agreed that we will make ourselves available for any court appearances, depositions, settlement mediations, and other necessary meetings, in addition to reviewing and authorizing the filing of litigation documents, in order to to facilitate the prosecution of the Action.

12.     Given our obligations to the Class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions. However, in the unlikely event that a disagreement arises, we agree to that our respective voting power will be determined in proportion to the amount of Class Period losses suffered by each group member.

13.     We are committed to satisfying our fiduciary obligations if appointed lead plaintiff and hereby reaffirm our obligation to ensure that the Action will be vigorously prosecuted consistent with the requirements of the lead plaintiff provisions of the PSLRA and in the best interests of the Class.

14.     We understand that one of the primary responsibilities of the lead plaintiff under the PSLRA is to select and retain co-lead counsel and to supervise the prosecution of the Action. We believe that it is essential to the satisfaction of our fiduciary responsibility to the Class to select

and retain counsel that has a proven track record of handling these types of cases and that will operate pursuant to our direction and authority.

15.    We believe that Scott+Scott and Levi Korsinsky are highly experienced and qualified to represent the Class as co-lead counsel.  We believe that our appointment as co-lead plaintiffs and the approval of Scott+Scott and Levi Korsinsky as co-lead counsel will further the best interests of the Class.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed January 4, 2021

_____
PAUL SAPAN

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed January 4, 2021

_____

RONY AWAIDA